UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAPE HAZE INVESTMENTS, LTD., *et al.*,

Plaintiffs,

v.

RICHARD D. EILERS,

Defendant.

Case No. C08-809RSL

ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

## I. INTRODUCTION

This matter comes before the Court on "Plaintiffs' Motion for Award of Reasonable Attorneys' Fees and Costs." Plaintiffs Cape Haze Investments, Ltd. and Thomas Scott (collectively, "plaintiffs") brought this action to enforce a sales contract and two promissory notes after defendant Richard Eilers ("defendant") failed to make multiple payments on the notes. Plaintiffs sought $214,510.16, the remaining balance on the notes, plus interest. The sales contract provided in part that plaintiffs would be entitled to recover from defendant "reasonable attorney's fees incurred in requiring the purchaser to comply with the terms of this contract." Declaration of Thomas Peterson, (Dkt. #29) ("Peterson Decl."), Ex. A at p. 8. Each promissory note included the following provision:

If any payment obligation under this NOTE is not paid when due, the borrower promises

ORDER GRANTING PLAINTIFFS' MOTION
FOR ATTORNEY'S FEES AND COSTS - 1

> to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

Peterson Decl., Ex. C at p. 2, Ex. D at p. 2. On February 23, 2009, the Court granted plaintiffs' motion for summary judgment on all issues. Plaintiffs now assert a claim for fees and costs in the amount of $57,133.70 under the contractual fee-shifting provisions above, ORS § 20.115, and ORS § 20.190. That amount consists of $56,764.00 in attorney's fees and $369.70 in statutory costs.

## II. DISCUSSION

As an initial matter, the Court notes that defendant has filed no response to this motion. "If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule 7(b)(2).

**A. Attorney's Fees.**

Under Oregon law,[1] when considering a party's request for attorney's fees, a trial court "'looks, first, to whether the party is entitled to attorney's fees, and second to the reasonableness of the requested fees.'" Morgan v. Goodsell, 108 P.3d 612, 614 (Or. App. 2005) (quoting Bennett v. Baugh, 990 P.2d 917, 920 (Or. App. 1999)). Oregon law entitles prevailing parties in contract enforcement actions to reasonable attorney's fees, in addition to costs and disbursements, when the contract in question "specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties." ORS § 20.096. Courts' allowance of such fees is mandatory. McConnell v. Sutherland, 898 P.2d 254, 259 (Or. App. 1995).

While a trial court has no discretion to deny an award of attorney's fees in those circumstances, it does have discretion as to what amount is reasonable. Benchmark Northwest, Inc. v. Sambhi, 83 P.3d 348, 349 (Or. App. 2004). Courts consider the following factors under

---

[1] The parties agree, and the Court finds, that Oregon law applies to this dispute as set forth in the contracts. The promissory notes provide that they "shall be construed in accordance with the laws of the State of Oregon." Peterson Decl., Ex. C at p. 2, Ex. D at p. 2.

ORDER GRANTING PLAINTIFFS' MOTION
FOR ATTORNEY'S FEES AND COSTS - 2

ORS § 20.075(2) when determining the amount of an award:

    (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

    (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

    (c) The fee customarily charged in the locality for similar legal services.

    (d) The amount involved in the controversy and the results obtained.

    (e) The time limitations imposed by the client or the circumstances of the case.

    (f) The nature and length of the attorney's professional relationship with the client.

    (g) The experience, reputation and ability of the attorney performing the services.

    (h) Whether the fee of the attorney is fixed or contingent.

Additionally, courts consider the following factors under ORS § 20.075(1):

    (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

    (b) The objective reasonableness of the claims and defenses asserted by the parties.

    (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

    (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

    (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

    (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

    (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

    (h) Such other factors as the court may consider appropriate under the circumstances of the case.

ORS § 20.075(1)-(2). A trial court must identify the facts and legal criteria that it uses when arriving at an award, McCarthy v. Oregon Freeze Dry, Inc., 957 P.2d 1200, 1209 (Or. 1988), but the findings "need not include criteria immaterial to the decision and not used by the trial court."

Wright v. Jones, 964 P.2d 1048, 1050 (Or. App. 1998) (citing McCarthy, 957 P.2d at 1208).

Plaintiffs are entitled to attorney's fees by the terms of the sales contract and the promissory notes. The Court further finds plaintiffs' request for $56,764.00 in fees to be reasonable. Plaintiffs' attorneys spent considerable resources on this case; those resources were reasonably necessary to negotiate potential settlements, pursue mediation, and follow the litigation through to summary judgment. See ORS § 20.075(2)(a). The rates charged were reasonable as compared to fees customarily charged for similar legal services, see ORS § 20.075(2)(c)); the Court notes that firm Greenebaum Doll & McDonald granted plaintiffs a refund of $45.18 from its hourly fee. Peterson Decl., Ex. E at p. 5.[2] The total amount plaintiffs' attorneys charged was reasonably proportionate to the total of $214,510.16 sought in damages. See ORS § 20.075(2)(d). The claims brought were reasonable, see ORS § 20.075(1)(b), and plaintiffs and their attorneys were reasonably diligent during the proceedings of this litigation, see ORS § 20.075(1)(e). By attempting to negotiate a settlement and later pursuing mediation, plaintiffs took appropriate steps to settle the dispute. See ORS § 20.075(1)(f). The Court also weighs all of these factors in light of defendant's failure to provide a response to them. See Local Rule 7(b)(2), ORS § 20.075(1)(h).

Additionally, the Court considers whether the negotiations regarding defendant's UCC-1 were sufficiently related to the enforcement of the contracts in question to merit plaintiffs' request for $19,832.00 incurred for those negotiations. The Court finds that they were. The sales contract required that plaintiffs file a UCC-1 and that they be "in the first position as security holder pertaining to the assets listed" in the articles of sale. Peterson Decl., Ex. A at p. 10. Defendant had filed a UCC-1 of his own after plaintiffs' original UCC-1 had lapsed. Plaintiffs' attorney's work to sort out this problem was necessary to enforce the contract.

---

[2] Plaintiffs request a finding that "the hourly rates billed by counsel for Plaintiffs in this proceeding are the same amounts billed to all other clients during the same time frame." Proposed Order at p. 3. However, plaintiffs provide no evidence of amounts bills to any clients aside from plaintiffs. The Court therefore declines to make the requested finding.

ORDER GRANTING PLAINTIFFS' MOTION
FOR ATTORNEY'S FEES AND COSTS - 4

The Court declines, on the other hand, to award attorney's fees for the refiling of plaintiffs' own UCC-1. That task was not necessary to ensure defendant's compliance with the terms of the sales contract, since the contract required the plaintiffs to have filed an unexpired UCC-1 independent of any dispute with defendant. Although plaintiffs' motion suggests that their attorneys sought fees for that time, the billing records do not include any reference it. As a result, this issue does not affect the amount of the award.

**B. Statutory Costs.**

Plaintiffs also request $369.70 in statutory costs. A party that is "otherwise entitled to recover costs and disbursements" may recover costs incurred for service of process. ORS § 20.115. Plaintiffs incurred $94.70 to serve defendant. Peterson Decl., Ex. H. Since plaintiffs are contractually entitled to attorney's fees, they are also entitled to recover that expense.

The prevailing party is also entitled to an additional $275 fee "[i]n a circuit court" "[w]hen judgment is given without trial of an issue of law or fact." ORS § 20.190(2)(a)(A). However, plaintiffs' motion references "circuit courts (trial courts)" with no explanation of how the term "circuit court" in § 20.190 includes United States District Courts. Absent any authority in support of plaintiffs' position, the Court presumes that the Oregon legislature meant what it said, namely, that the fee should apply only to Oregon state circuit courts and not to federal courts. The Court therefore declines to award the $275 statutory fee.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiffs' motion for an award of attorney's fees and costs (Dkt. # 28) in large part. Plaintiffs are awarded fees and costs in the

amount of $56,858.70.

DATED this 13th day of April, 2009.


                */s/ Robert S. Lasnik*
                Robert S. Lasnik
                United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION
FOR ATTORNEY'S FEES AND COSTS - 6