**HONORABLE MARSHA J. PECHMAN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAPE HAZE INVESTMENTS, LTD. and THOMAS C. SCOTT, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>RICHARD D. EILERS, and his marital community,<br><br>　　　　　Defendant. | NO. C08-0809MJP<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS |

This matter came before the Court on Plaintiffs' Motion for Award of Reasonable Attorneys' Fees and Costs. The Court, having reviewed the briefs and affidavits submitted by each party, and deeming itself fully advised; now, therefore, THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE ENTERED:

## I.　　FINDINGS OF FACT

1.　　On October 6, 2010, the jury returned a verdict in favor of Plaintiffs. (10/6/10 Jury Verdict, Dkt. No. 68.)

2.　　The Sales Contract, to which Defendant Eilers signed as a guarantor, contains the following attorneys' fee provision:

ORDER GRANTING PLAINTIFFS' MOTION
FOR AWARD OF REASONABLE
ATTORNEYS' FEES AND COSTS　　　　　-1-

**ATTORNEY'S FEES & COSTS:**

> If suit or action is instituted for any cause arising out of or in any way connected with this contract, the prevailing party in the trial court and on any appeal shall recover reasonable attorney's fees awarded by the trial and appellate court. The seller shall also be entitled to recover from the purchaser, reasonable attorney's fees incurred in requiring the purchaser to comply with the terms of this contract, even though no suit or action be instituted.

3. Additionally, Defendant Eilers signed two promissory notes as a guarantor. Each Note contains the following attorneys' fee provision: "If any payment obligation under this NOTE is not paid when due, the borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process."

4. The Court has reviewed the Declaration of Adam R. Asher as it relates to the legal fees expended by Plaintiffs in this matter.

5. The Court has reviewed the Declaration of Dennis M. Paterson as it relates to the legal fees expended by Plaintiffs in this matter.

6. The Court has considered the attorneys' fees provisions in the applicable contracts, as well as Oregon Revised Statutes ("ORS") § 20.096 and § 20.075.

7. Based on the jury's October 6, 2010 verdict, which adjudicated all claims in favor of Plaintiffs and against Defendant Eilers, the Court finds that Plaintiffs are the prevailing party and are entitled to an award of reasonable attorneys' fees and costs.

## II.  CONCLUSIONS OF LAW

1. Plaintiffs prevailed on their claims against Defendant Eilers and on Defendant Eilers' counterclaim against Plaintiffs.

2. Pursuant to the applicable contracts and ORS § 20.096, the Court must award Plaintiffs a reasonable attorneys' fees award and the costs incurred in prosecuting this action.

3. ORS § 20.075(2) is the appropriate method to evaluate the attorneys' fees award in this matter.

4. The Court finds that the number of hours expended by counsel for Plaintiffs is reasonable, given the complexity of the issues, the length of the litigation, and Plaintiffs' collection efforts, and the success of said counsel in obtaining results for their clients.  The Court has reviewed the detailed billing statements submitted and does not find any wasteful or duplicative time in the amounts awarded in this Order.

5. The Court finds that the hourly rates billed by counsel for Plaintiffs in this proceeding are the same amounts billed to other clients during the same time frame, and that the relative categories of expertise of the attorneys involved is appropriate for the tasks performed by those attorneys.

6. No adjustment of the fees is required, and the Court finds that the amount is reasonable, given the work done and complexity of the matter.

7. The Court awards Plaintiffs attorneys' fees in the requested amount of $117,194.

8. Having reviewed the cost items and ORS § 20.115, the Court finds that the costs associated with service of process in the amount of $94.70 are recoverable.

9. The Court awards Plaintiffs costs in the amount of $94.70.

10. The total award to Plaintiffs for attorneys' fees and costs is $117,288.70.

ORDER GRANTING PLAINTIFFS' MOTION
FOR AWARD OF REASONABLE
ATTORNEYS' FEES AND COSTS                -3-

DATED this _15th_ day of November, 2010

BY THE COURT:

*[signature]*

Marsha J. Pechman
United States District Judge

**Presented by:**

SOCIUS LAW GROUP, PLLC

By _s/_Adam R. Asher_____
Thomas F. Peterson, WSBA #16587
Adam R. Asher, WSBA #35517
601 Union Street, Suite 4950
Seattle, WA  98101
E-mail:  tpeterson@sociuslaw.com
         aasher@sociuslaw.com
Telephone: (206) 838-9100

*Attorneys for Plaintiffs Cape Haze Investments, Ltd. and Thomas C. Scott*

ORDER GRANTING PLAINTIFFS' MOTION
FOR AWARD OF REASONABLE
ATTORNEYS' FEES AND COSTS                -4-